MISSISSIPPI MECHANICAL CON-
TRACTORS ASSOCIATION,
INC., Plaintiff-Appellee,

v.

LOCAL UNION 681 OF the UNITED AS-
SOCIATION OF JOURNEYMEN AND
APPRENTICES OF the PLUMBING
AND PIPE FITTING INDUSTRY OF
the UNITED STATES AND CANADA,
AFL–CIO and H. J. Rosenthal, Individu-
ally and in his official capacity as Busi-
ness Manager of Local Union No. 681,
Defendants-Appellants.

No. 79–3011.

United States Court of Appeals,
Fifth Circuit.

Oct. 1, 1980.

Cupit & Maxey, John L. Maxey, II, Robert W. Sneed, Jackson, Miss., for defendants-appellants.

Fuselier, Ott, McKee & Flowers, P. A., M. Curtiss McKee, Frank M. Holbrook, Jackson, Miss., for plaintiff-appellee.

---

**9.** *Id.* at 324 n.16, 99 S.Ct. at 2792 n.16.

**10.** In doing so we follow the trail blazed in *Sims v. Hopper*, 603 F.2d 581 (5th Cir. 1979).

Before VANCE and GARZA, Circuit Judges, and ALLGOOD *, District Judge.

GARZA, Circuit Judge:

The Appellant union Local and the Appellee multi-employer bargaining unit entered a contract in 1977, commencing on July 1st. The contract contained the following "notification clause":

It is hereby agreed by both parties hereto, that should any proposed changes in this contract be desired by either party, said proposed changes shall be presented in writing ninety (90) days prior to the expiration date of this contract. In the absence of such notice, this Agreement shall be automatically renewed from year to year with all its terms and provisions. If local facilities to resolve disputes over wages, hours or working conditions have failed of settlement, both parties agree to submit the dispute to the Industrial Relations Council for the Plumbing and Pipefitting Industry, and further agree that all terms and conditions of this Agreement shall continue in full force and effect, pending final decision by the Industrial Relations Council. This Agreement terminates the fifteenth (15th) day of July, 1979. United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry LU–681 AFL–CIO.

On March 12, 1979, more than ninety days before the contract termination date, Local 681 notified the association by letter that it intended to allow the agreement to terminate.[1] The association then contacted the Industrial Relations Council and requested that it encourage the union to submit the termination issue to arbitration. The Local refused and, on July 16, 1979, its membership went on strike. The Appellee association filed this suit on July 19th, seeking a temporary restraining order, a temporary injunction and, ultimately, a permanent injunction requiring Local 681(1) to abide by the terms of the contract that previously existed between the parties, and (2) to submit all disputes concerning wages, hours and working conditions to the Industrial Relations Council, including the issue of the contract termination. On that same date, the District Court issued a temporary restraining order against the Local. Following a hearing, the Court granted a temporary injunction on August 1st. It effectively enjoined all strike activities. A Motion for Citation for Contempt was filed by the association, and the District Court issued a citation holding the Local to be in contempt.

The Local appeals and, while several issues are raised by the parties, we find the question of the date of termination of the 1977 contract to be dispositive. From the plain language of the contract, it is manifest that the Local did exactly what was necessary to avoid renewal by giving such notice within the specified time. It cannot reasonably be argued that the termination issue was a dispute over wages, hours or working conditions, required to be submitted to arbitration. After the union gave notice that the contract would not be renewed, it simply terminated on July 15, 1979, and had no further force or effect.

The injunction issued by the District Court and the contempt citation pursuant thereto were predicated on the Court's finding that the contract remained in force beyond the stated termination date. As that finding was in error, we reverse the judgment of the District Court, and hold the injunction and citation to be invalid *ab initio*. We remand the cause, directing the District Court to enter an order of dismissal.

REVERSED and REMANDED.

---

* District Judge of the Northern District of Alabama, sitting by designation.

1. The letter clearly attested to an intention to terminate the contract, as the following excerpts show:

The purpose of this letter is to notify you and your associated members of the Mississippi Mechanical Contractors Association, that your contractual obligations with . . Local 681 . . . will terminate July 15, 1979.

It is the desire of this organization not to extend, re-new or re-negotiate a new collective bargaining agreement with the Mississippi Mechanical Contractors Association.